FILED
2021 JAN 20 PM 1:27
CLERK
U.S. DISTRICT COURT

Angela Moleni
339 East Utopia Avenue
Salt Lake City, Utah 84115
(801) 831-5252

## IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| ANGELA MOLENI,<br>Plaintiff<br><br>v.<br><br>DELTA AIR LINES INC.,<br>Defendant | **Case: 2:21-cv-00043**<br>Assigned To : Oberg, Daphne A.<br>Assign. Date : 1/20/2021<br>Description: Moleni v. Delta Air Lines<br><br>COMPLAINT |

## COMPLAINT AND JURY DEMAND

Plaintiff, Angela Moleni, hereby complains against the Defendant, as follows:

## STATEMENT OF CLAIM

This is an action to vindicate violations of the Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Defendant. This action arises out of the illegal and wrongful discharge of Angela Moleni on or about October 27, 2017. Ms. Angela Moleni alleges, inter alia, that she was terminated from her employment based, in whole or in part, upon her race, a Pacific Islander of Tongan Heritage in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq., and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981. Beginning on or about June 28, 2010, Angela Moleni, a Pacific Islander of Tongan Heritage female, was employed at the Delta Air Lines Inc.

During her 7 years with Delta, Ms. Moleni performed her duties in a professional and outstanding manner. In or around September 24, of 2017, the Delta Airlines Inc., initiated an investigation into the alleged violation of the required employee security screening at its airport facility located in Salt Lake City, Utah and particularly in its Department 125, where Ms. Moleni was employed. The investigation was the direct consequence of allegations raised by Ms. Moleni's supervisor, Mr. Haire who reported, under questionable circumstances, that a bag room employee notified Delta Leaders that a department 125 employee had been observed entering the secure area of the airport without going through the required security screening. The bag room employee did not identify Ms. Moleni as the employee that had been observed entering the secure area of the airport without going through the required screening. However, during the course of the investigation, Ms. Moleni's supervisor Mr. John Haire singled out and investigated only Ms. Moleni, the only Pacific Islander of Tongan Heritage working at Department 125 under Mr. Haire. Mr. Haire did not investigate any other employees of Department 125 because they were either white and/or not of Pacific Islander of Tongan Heritage a violation of the Title VII of the Civil Rights act of 1964. Although Defendant's investigation revealed that the bag room employee did not identify Ms. Moleni as the employee in violation of the required security screening procedure, the Delta Leaders response is one in which that has all the characteristics of a set up for the termination of Ms. Moleni. Delta had already pre-determined that it is Ms. Moleni that violated the required security screening procedure because they singled her out of all the employees of Department 125 including those white employees that are similarly situated to Ms. Moleni under the supervision of Mr. Haire, but were never investigated. And in so doing Delta is in violation of the Title VII of the Civil Rights act of 1964 through their reviewing of Ms. Moleni's records including surveillance video as well as airport security badge swipes without confirming from the bag room employee the identity of the

Department 125 employee that was observed entering the secure area of the airport without going through the required employee security screening. On October 7, 2017, based on Delta's set up for the termination of Ms. Moleni in which they had already pre-determined that it is Ms. Moleni that violated the required security screening procedure, without confirming from the bag room employee the identity of the Department 125 employee that was observed entering the secure area of the airport without going through the required employee security screening, Ms. Moleni was wrongfully suspended pending a review for continued employment. Soon after Delta's wrongful suspension of Plaintiff, Ms. Moleni contacted Delta's Ethic's and Compliance Helpline on October 18, 2017. Ms. Moleni complained that she believed that her suspension was unfair and claimed that unnamed others had used the same path but were not suspended. Ms. Moleni's complaint was forwarded to Delta's Human Resource for review and response. During the investigation that ensued, Delta's Human Resource Department Senior Manager Kelley Nabors investigated Ms. Moleni's allegations as well as the events leading to Ms. Moleni's suspension and despite the fact that the bag room employee did not identify Ms. Moleni as the department 125 employee that was observed entering the secure area of the airport without going through the required employee security screening, Kelley Nabors knowingly ignored that fact and continued to push for the wrongful termination of Ms. Moleni which resulted in her wrongful termination on October 28, 2017.

**PARTIES**

2. Plaintiff, Angela Moleni, a Pacific Islander of Tongan Heritage, is an adult female individual and citizen of the United States who resides at 339 E. Utopia Avenue, Salt Lake City, Utah 84115. At all relevant times, Ms. Moleni was 35 years old and was an employee of Delta Air Lines Inc., within the meaning of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

3. Defendant, Delta Air Lines Inc. [herein referred to as Delta], is an incorporation or similar business entity organized and existing under the laws of the State of Utah, and which regularly conducts business at the Delta Air Lines Inc., 776 N. Terminal Dr, Salt Lake City, Utah 84122.

4. At all relevant times, Defendant Delta employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.

**JURISDICTION AND VENUE**

5. This is, in part, an action authorized and instituted pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.

7. Venue is proper in the United States District Court for the District of Utah pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, Defendant regularly conduct business and where all the wrongful conduct occurred.

**ADMINISTRATIVE PREREQUISITES**

8. Ms. Moleni has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

    A. On or about January 23, 2018, Ms. Moleni timely filed a formal charge of discrimination with the Utah Anti-discrimination & Labor Division [hereinafter referred to as UALD] which was jointly filed with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC)

    B. Ms. Moleni promptly and diligently accommodated all UALD and EEOC requests for information and fully cooperated in the agencies' investigation of this matter;

    C. Ms. Moleni has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action, and Ms. Moleni formally requested a Notice of Right to Sue from the UALD and EEOC on August 27, 2020, and received the Notice of Right to Sue on October 27, 2020 (Exhibit A)

## FACTUAL ALLEGATIONS

9. Plaintiff, Angela Moleni, was employed by Defendant Delta on or about June 28, 2010, and worked at the Delta Air Lines Inc., located in Salt Lake City, Utah.

10. At all relevant times, Defendant Delta employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks in 2015, 2016 and 2017, and was further engaged in an industry directly affecting interstate commerce.

11. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Ms. Moleni's employment were governed and controlled by Defendant Delta.

12. At all relevant times, Ms. Moleni fully, adequately and completely performed all of the functions, duties and responsibilities of her employment with Defendant Delta.

13. In or around September 24, of 2017, Delta Air Lines Inc., initiated an investigation into the alleged violation of the required employee security screening at its airport facility located in Salt Lake City, Utah and particularly in its Department 125, where Ms. Moleni was employed.

14. The investigation was the direct consequence of allegations raised by Ms. Moleni's supervisor, Mr. Haire who reported, under questionable circumstances, that a bag room employee notified Delta Leaders that a department 125 employee had been observed entering the secure area of the airport without going through the required security screening.

15. During the course of the investigation, Ms. Moleni's supervisor Mr. John Haire singled out and investigated only Ms. Moleni, the only Pacific Islander with Tongan Heritage working at Department 125 under Mr. Haire, even though the bag room employee did not identify Ms. Moleni as the employee in violation of the security screening or any other employees for that matter.

16. Mr. Haire did not investigate any other employees of Department 125 because they were either white and/or not of Pacific Islander with Tongan Heritage a violation of the Title VII of the Civil Rights act of 1964.

17. Although Defendant's investigation revealed that the bag room employee did

not identify Ms. Moleni as the employee in violation of the required security screening procedure, the Delta Leaders response is one in which that has all the characteristics of a set up for the termination of Ms. Moleni in which they had already pre-determined that it is Ms. Moleni that violated the required security screening procedure without any evidence from the bag room employee.

18. Delta did not investigate any of the white employees of Department 125 that are similarly situated to Ms. Moleni, also under Mr. Haire's supervision, And Delta's reviewing of Ms. Moleni's records including surveillance video as well as airport security badge swipes without evidence confirming from the bag room employee the identity of the Department 125 employee that was observed entering the secure area of the airport without going through the required employee security screening is a disparate treatment of Ms. Moleni, a Pacific Islander of Tongan Heritage.

19. On October 7, 2017, based on Delta's set up for the termination of Ms. Moleni in which they had already pre-determined that it is Ms. Moleni that violated the required security screening procedure, without confirming from the bag room employee the identity of the Department 125 employee that was observed entering the secure area of the airport without going through the required employee security screening, resulted in Ms. Moleni wrongfully suspended pending a review for continued employment.

20. Soon after Delta's wrongful suspension of Plaintiff, Ms. Moleni contacted Delta's Ethic's and Compliance Helpline on October 18, 2017. Ms. Moleni complained that she believed that her suspension was unfair and claimed that unnamed others had used the same path but were not suspended.

21. During the investigation that ensued, Delta's Human Resource Department Senior Manager Kelley Nabors investigated Ms. Moleni's allegations as well as the events leading to Ms. Moleni's suspension and despite the fact that the bag room employee did not identify Ms. Moleni as the department 125 employee that was observed entering the secure area of the airport without going through the required employee security screening, Kelley Nabors knowingly ignored that fact and continue to push for the wrongful termination of Ms. Moleni which resulted in her wrongful termination on October 28, 2017.

**FIRST CAUSE OF ACTION**

Defendant Delta's Violation of Title VII's Prohibition Against Employment Discrimination Racial Discrimination — Disparate Treatment

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

23. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq., and 42 U.S.C. Section 1981 A for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Ms. Moleni complains of Defendant Delta's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

24. During her employment with Defendant Delta, Ms. Moleni was a member of a class protected under Title VII against race based discrimination by her employer,

Defendant Delta, or by its supervisory personnel.

25. As set forth herein, during the course of its investigation, Defendant Delta discovered that the bag room employee had no knowledge that Ms. Moleni was bypassing the required security screening procedure. Specifically, Delta's position statement section IV. Events and Circumstances Leading to Moleni's Suspension and Termination, identified the following statement; "On or about September 24, 2017, a bag room employee notified Delta leaders that a Department 125 employee had been observed entering the secure area of the airport without going through the required employee security screening."

26. In response, Delta leaders did not investigate any of those white employees that are similarly situated to Ms. Moleni in Department 125 under Mr. Hair, but Delta did not hold back and singled out Ms. Moleni and investigated Ms. Moleni as if the bag room employee identified her as the employee bypassing the required security screening and not the white employees of Department 125. First by reviewing her records including airport surveillance video as well as airport security badge swipes.

27. Based on Delta's set up for the termination of Ms. Moleni in which they had already pre-determined that it is Ms. Moleni that violated the required security screening procedure, without confirming from the bag room employee the identity of the Department 125 employee that was observed entering the secure area of the airport without going through the required employee security screening, resulted in Ms. Moleni wrongfully suspended pending a review for continued employment.

28. Delta's Human Resource Department Senior Manager Kelley Nabors also

investigated Ms. Moleni and the events leading to Ms. Moleni's suspension and despite the fact that the bag room employee did not identify Ms. Moleni as the department 125 employee that was observed entering the secure area of the airport without going through the required employee security screening, Kelley Nabors knowingly disregarded that fact and continued to push for the wrongful termination of Ms. Moleni which resulted in her wrongful termination on October 28, 2017.

29. At all relevant times, Defendant Delta knew that the discriminatory conduct complained of herein was without cause as Ms. Moleni had consistently satisfied and/or exceeded all the requirements of her position.

30. As a result of Defendant Delta's employment policies, procedures and practices, Ms. Moleni was unjustly and discriminatorily deprived of equal employment opportunities because of her race, a Pacific Islander of Tongan Heritage.

31. As a further result of Defendant Delta's above stated actions, Ms. Moleni has been, is being and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, but denied because of her race and in an amount to be proven at trial.

32. The above-named Defendant's conduct was a direct and proximate cause of the injuries, damages and harm suffered by Ms. Moleni.

33. Furthermore, Defendant Delta intentionally and/or with reckless indifference, engaged in the above stated discriminatory practices against Ms. Moleni, contrary

to Ms. Moleni's federally protected rights as guaranteed to her under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981A.

34. The intentional and discriminatory conduct of Defendant Delta complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

35. As Defendant Delta engaged in discriminatory employment practices with malice or with reckless indifference to Ms. Moleni's federally protected rights, Ms. Moleni is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981A.

**DAMAGES**

36. The conduct of the above-named Defendant, as set forth herein, in violating Ms. Moleni's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; and the common law of Utah, caused injuries, damages and harm to Ms. Moleni, including, but not limited to, past and future economic loss, past and future non-economic losses, WHEREFORE, Plaintiff Angela Moleni requests judgment and damages against Defendant, Delta Air Lines Inc., as follows:

A. A declaratory judgment that Defendants have violated Ms. Moleni's right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A;

B. Enter an injunction ordering Defendant Delta to make Plaintiff whole with full back pay, benefits and reinstatement to a position Ms. Moleni would have obtained in the absence of discrimination or, in the alternative, front pay;

C. An award to Ms. Moleni for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses;

D. An award to Ms. Moleni for exemplary and/or punitive damages in an amount to be shown at trial;

E. An award to Ms. Moleni of interest on any awards at the highest rate allowed by law;

F. Such other and further relief as this Court deems just and appropriate.

**PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW**

Respectfully submitted this _20th___ day of January 2021.

Dated this __20__ day of January 2021__

*[signature]*

Angela Moleni

**DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. '1746; 18 U.S.C. ' 1621.

Executed at Salt Lake City, Utah on January 20, 2021.

*[signature]*

Signature